[S. F. No. 14210. In Bank.—May 6, 1931.]

THE PEOPLE, etc., Petitioner, v. JUSTICE'S COURT OF SACRAMENTO TOWNSHIP et al., Respondents.

U. S. Webb, Attorney-General, and H. H. Linney and W. R. Augustine, Deputies Attorney-General, for Petitioner.

Henry & Bedeau for Respondents.

THE COURT.—This is a petition for a writ of mandate to compel respondent court to set aside its order quashing service of summons in a certain action pending before said court, and to compel respondent court to proceed with the trial of said action.

The petition alleges and the answer admits that Sacramento township, in which respondent court is located, is a township containing a population of 30,000 or more; that on or about April 30, 1930, petitioner herein commenced an action in respondent court entitled *People* v. *S. W. Rhinehart et al.;* that said action was brought for the purpose of collecting certain delinquent state taxes alleged to be due from defendant therein in the sum of $750, together with certain penalties amounting to $93.75; that thereafter a summons was issued out of said court and served upon defendant Rhinehart outside Sacramento County and in the county of Stanislaus; that thereafter defendant appeared specially in said action for the purpose of quashing the service of summons, on the grounds that he was a resident of Stanislaus County and that said summons had been served on him outside the county in which said action was pending contrary to law; that on December 26, 1930, respondent court made its order quashing service of summons on the ground that service of summons in justice's court action cannot be made outside the county in which the court issuing the summons is located.

In support of the court's action in quashing the service of summons involved herein, we are referred to the provisions of section 848 of the Code of Civil Procedure. That section, as amended in 1929, provides in part:

"The summons [in justice's court actions] cannot be served out of the county wherein the action is brought except in the following cases . . . " The exceptions therein provided for have no application to the action herein involved.

If this were the only section pertaining to the service of summons in actions commenced in justices' courts there would be no doubt of the correctness of the respondent court's action in quashing the service of summons, it being admitted that it was served outside the county. However, there are certain other sections of the code, added or amended in 1929 by the legislature, which, in our opinion, take this case out of the general provisions of section 848 of the Code of Civil Procedure.

Prior to 1929 the civil jurisdiction of all justices' courts was limited to actions where the sum claimed, exclusive of interest, did not amount to $300. (Sec. 112, Code Civ. Proc.) All actions involving a greater sum had to be brought in the superior or municipal courts. In 1929, however, the legislature amended section 112 and other sections of the Code of Civil Procedure and added certain new sections, by the terms of which the jurisdiction of justices' courts in city, cities and counties, towns and judicial townships having a population of 30,000 or more was increased to actions involving $1,000 or less. The jurisdiction of justices' courts in the smaller townships remained at $300. In addition to increasing the jurisdiction of justices' courts in the larger townships and cities by these amendments and additions to the Code of Civil Procedure, a complete and radical change in the procedure in justices' courts in the larger townships was brought about. From a reading of these new and amended sections it is apparent that the legislature attempted in those justices' courts having jurisdiction up to $1,000, to provide, as near as practicable, that the same procedure formerly existing in the superior and municipal courts in actions between $300 and $1,000, should be applied in these justices' courts.

Thus, section 831h of the Code of Civil Procedure, as added in 1929, provides in part:

"Civil actions in justices' courts in cities, cities and counties, towns and judicial townships having a population of thirty thousand or more shall be commenced and prosecuted in the manner provided by law for the commencement and prosecution of civil actions in municipal courts of this state. . . . "

By the terms of section 831c of the Code of Civil Procedure it is provided that:

"Civil actions in municipal courts shall be commenced and prosecuted in the manner provided by law for the commencement and prosecution of civil actions in the superior courts of this state."

Thus it has been specifically provided by these sections that the "commencement and prosecution" of actions in the justices' courts having jurisdiction up to $1,000, shall be governed by the same rules as are applicable to superior court actions. In superior court actions, of course, the summons may be served outside the county in which the action is pending.

We are of the opinion that by these sections the legislature intended to provide that in those justices' courts exercising the enlarged jurisdiction, the same status that had formerly existed in reference to such actions when they were triable in the superior or municipal courts, should be retained. In other words, we are of the opinion that section 848 only applies to those justices' courts exercising the more limited jurisdiction. Section 848 of the Code of Civil Procedure has been a part of the law of this state, as far as service of summons outside the county is concerned, since 1874. That section was intended to provide for service of summons in those townships where the jurisdiction was and is limited to $300. We are of the opinion that by the amendments and additions to the Code of Civil Procedure above quoted, the legislature intended and did provide that in those townships where the jurisdiction of justices' courts was increased to $1,000, the procedure used in the superior courts should be applicable to all actions filed therein, and that this procedure includes the right to serve the summons outside the county. Section 848 of the Code of Civil Procedure was never intended to apply to those justices' courts exercising jurisdiction up to $1,000. That section applies to justices' courts generally, while section 831h of

the Code of Civil Procedure applies to certain specified justices' courts, and therefore, under well-settled rules of construction must be deemed controlling.

Let the writ issue as prayed for.

Rehearing denied.