[C. A. No. 932. Appellate Department, Superior Court, Los Angeles County.—September 1, 1931.]

ROY PHILLIPS, Respondent, v. JOHN F. WHITE, Appellant.

(1 Cal. Supp. 190.)

L. J. Meyberg and P. M. Joseph for Appellant.

Richard K. Gandy and Milan E. Ryan for Respondent.

McLUCAS, P. J.—Defendant appeals from an order made July 10, 1931, denying a motion for change of venue. The action was brought in the Justice's Court of Santa Monica Township to recover the sum of $328.55 for services rendered and material furnished to the defendant.

The verified complaint alleges that the defendant is a resident of Santa Monica Township, that the obligation sued on was incurred in Santa Monica Township and that the

services were rendered and materials furnished within said township. The defendant was served with a copy of the complaint and summons in Santa Monica Township. The population of Santa Monica Township exceeds 30,000. Defendant filed demand for change of venue and filed a notice of motion for change of venue to the Municipal Court of the City of Los Angeles, on the ground that at the time of the commencement of the action, the defendant was and ever since said time has continued to be, and still is, a resident of La Crescenta Township, in the county of Los Angeles. In support of the motion, defendant filed his affidavit that he was a resident of La Crescenta Township at all of said times. At the time of filing the notice of motion, defendant filed a demurrer, but did not file an answer as required by section 831 of the Code of Civil Procedure.

The population of La Crescenta Township is less than 30,000 and consequently the justice's court thereof would not have jurisdiction of the action, the demand being in excess of $300. In a proper case both the Justice's Court of Santa Monica Township, the population of that township being over 30,000 and the demand being less than $1,000 (sec. 112, Code Civ. Proc.) and the Los Angeles Municipal Court (Stats. 1929, p. 838) the demand being less than $2,000 dollars and the action arising within Los Angeles County, would have jurisdiction. ■ The respondent relies upon the provisions of sections 832 and 833 of the Code of Civil Procedure, relating to the place of trial in justices' courts. But these sections are not applicable to justices' courts in townships having a population of 30,000 or more. Section 831h of the Code of Civil Procedure provides as follows:

"Civil actions in justices' courts in cities, cities and counties, towns and judicial townships having a population of thirty thousand or more shall be commenced and prosecuted in the manner provided by law for the commencement and prosecution of civil actions in municipal courts of this state and the rules of pleading and practice applicable to the prosecution of civil actions and enforcement of judgments in the municipal courts of this state shall apply to and govern the prosecution and maintenance of civil actions and enforcement of judgments in said justices' courts."

In *People* v. *Justice's Court*, 212 Cal. 603 [299 Pac. 731], it was held that section 848 of the Code of Civil Procedure, relating to service of justice's court summons outside the county was not applicable to justices' courts in townships of 30,000 or more. The court said:

"We are of the opinion that by these sections the legislature intended to provide that in those justices' courts exercising the enlarged jurisdiction, the same status that had formerly existed in reference to such actions when they were triable in the superior or municipal courts, should be retained."

It follows that the provisions relating to change of venue from municipal courts are applicable to this case, it being a civil action in a township of 30,000 population. Section 831 of the Code of Civil Procedure, as amended in 1929, provides that the municipal court in an action of this character must, on motion, based upon a demand of the defendant therefor in writing at the time he answers, change the place of trial of an action commenced in such court to another court in which such action is cognizable, as follows: "to the municipal or justice's court, if the action be cognizable therein, established in the city or township, respectively, in which the defendants, or some of them, reside at the commencement of the action, if within the county in which the municipal court, in which the action is commenced, is situated; provided, that none of the defendants reside in the city where the action is commenced."

It was impossible to so change the place of trial in this case, since there was no municipal or justice's court, in which the action was cognizable, established in the township of La Crescenta, where the defendant resided at the commencement of the action. Only actions where the demand did not exceed $300 were cognizable in La Crescenta Township, it being less than 30,000 population (sec. 112, Code Civ. Proc.).

While is it true that any municipal court established in Los Angeles County, either the Los Angeles or Long Beach Municipal Court, has jurisdiction concurrent with justices' courts, where such justices' courts have not been given exclusive jurisdiction, of all civil cases arising outside the city in which a municipal court is established and

within the county in which such municipal court is established (Stats. 1929, p. 838; *Southwestern Portland Cement Co.* v. *Cochrane,* 114 Cal. App. (Supp.) 778 [1 Cal. Supp. 144 [300 Pac. 445]), yet where the action arose in Santa Monica Township, the action was commenced in Santa Monica Township, and there is no court having jurisdiction of the action in La Crescenta Township, where the defendant resides, we see no reason or law for removal to the Muncipal Court of Los Angeles. In conclusion it should be noted that section 831a of the Code of Civil Procedure provides as follows:

"Nothing contained in this chapter shall be construed to limit the power of the court to hear and determine any of the actions herein enumerated, arising, or where any of the defendants reside, within the jurisdictional limits of the court as established by law, and any such action may, notwithstanding any of the provisions of this chapter, be tried in the municipal court where commenced, subject to the power of the court to change the place of trial for cause as provided in sections 831b and 398 of this code, unless demand for change of place of trial is made as provided in this chapter."

Section 831b, as adopted in 1929, Code of Civil Procedure, also provides that:

"At the time of hearing of a motion for change of place of trial made under the provisions of the preceding sections of this chapter, the court, may on plaintiff's countermotion, order the action retained for trial therein, notwithstanding defendant's right to a change of place of trial."

The order denying change of venue is affirmed, with costs of appeal to respondent.

Shaw, J., and Yankwich, J., *pro tem.,* concurred.