[L. A. No. 13703. In Bank.—August 17, 1932.]

JAY VAN HORN, Petitioner, v. THE JUSTICE'S COURT OF SAN BERNARDINO TOWNSHIP, etc., et al., Respondents.

N. C. Peters for Petitioner.

Joseph R. Rensch for Respondents.

Fred L. Wilson, as *Amicus Curiae.*

CURTIS, J.—This proceeding was originally brought in the District Court of Appeal, Fourth District, where an opinion was rendered, written by Mr. Justice Marks, and concurred in by Mr. Presiding Justice Barnard and Mr. Justice Jennings. We adopt as our own the following portion of said opinion:

"This is an original proceeding instituted in this court whereby petitioner seeks a writ of mandate compelling respondents to proceed with the trial of the case of *Jay Van Horn* v. *H. R. Van Horn,* instituted in the respondent court on September 25, 1930. Summons was served on May 14, 1931. An amended complaint was filed, to which the defendant made written answer, and the case was set for trial in the respondent court on February 26, 1932. On this day the respondent Justice of the Peace refused to proceed with the trial because of lack of jurisdiction.

"From the amended complaint it appears that the action was brought to recover judgment upon a promissory note in the sum of $500, executed and made payable in the state of Texas. The note bears interest and provides for attorney's fees in case it be placed in the hands of an attorney for collection. It is alleged that the entire amount of principal and interest is due and unpaid and that the defendant is a resident of the county of San Bernardino but not of the township of San Bernardino therein.

"The answer denied all the allegations of the amended complaint except the execution of the promissory note; that its obligation was incurred and was to be performed in the state of Texas; that the defendant at all times has resided outside of the township of San Bernardino. These latter facts are expressly admitted.

"San Bernardino township has a population in excess of thirty thousand. The sole question to be considered here is whether jurisdiction over the case of *Van Horn* v. *Van Horn* rested in the Justice's Court of San Bernardino Township or in the superior court of the county, there being no municipal court in the city of San Bernardino, which is within the township of the same name.

"The legislative enactments of 1929, giving an increased jurisdiction to justices' courts in townships having a population of thirty thousand or more, have presented many new and interesting questions and have been the prolific source of numerous decisions by the Supreme and Appellate Courts of the state since they went into effect, in August, 1929. We are cited to no case in which the problem here presented has been decided.

"Section 1 of article VI of the Constitution as originally adopted provided that the judicial powers of the state be vested in the state senate, sitting as a court of impeachment, the Supreme Court, the superior courts, justices of the peace, and such inferior courts as the legislature might establish in any incorporated city, town, or city and county. This section was amended in 1904 to provide for the creation of District Courts of Appeal. It was again amended in 1911, omitting direct reference to justices of the peace but continuing legislative authority to establish inferior township courts. In 1924 it was again amended to provide for the creation of municipal courts in cities and cities and counties. The provisions relating to inferior townshp courts were not changed.

"Section 5 of article VI of the Constitution of 1879 gave superior courts original jurisdiction in numerous civil cases which we are not concerned with here, and in all civil cases 'in which the demand, exclusive of interest, or the value of the property in controversy, amounts to three hundred dollars'. It also gave the superior courts appellate jurisdiction 'in such cases arising in *justices' and other* inferior courts in their respective counties as may be prescribed by law'. The section was amended in 1911 by the omission of the italicized words from the sentence just quoted. It was again amended in 1924, which amendment does not concern us here. By an amendment adopted in 1928 it was provided that 'The superior courts shall have original jurisdiction in all civil cases and proceedings except as in this article other-

wise provided, and except also cases and proceedings in which jurisdiction is or shall be given by law to municipal or to justices' or other inferior courts;'.

"Section 11 of article VI of the Constitution originally provided as follows: 'The legislature shall determine the number of justices of the peace to be elected in townships, incorporated cities and towns, or cities and counties, and shall fix by law the powers, duties and responsibilities of justices of the peace; provided, such powers shall not in any case trench upon the jurisdiction of the several courts of record, except that said justices shall have concurrent jurisdiction with the superior courts in cases of forcible entry and detainer, where the rental value does not exceed twenty-five dollars per month, and where the whole amount of damages claimed does not exceed two hundred dollars, and in cases to enforce and foreclose liens on personal property when neither the amount of the liens nor the value of the property amounts to three hundred dollars.'

"The amendment of this section in 1911 is not important to the question we are considering. The reference to 'justices of the peace' was omitted in the amended section and 'inferior courts' substituted therefor. Two amendments were adopted in 1924, one of which was repealed in 1928. The other provided for the creation of municipal courts and continued the power of the legislature to determine the number 'of the inferior courts in incorporated towns, and in townships or counties, or in incorporated cities or cities and counties, where there is no municipal court' with other powers in the legislature not necessary for us to consider. In 1928 there was added to the Constitution section 11a of article VI, which provides as follows: 'The legislature shall determine, according to population, the number and jurisdiction of each of the inferior courts in incorporated cities or towns wherein there is no municipal court, and in townships, counties or cities and counties, and the number of judges or justices thereof and their qualifications and compensation, and shall fix by law the powers, duties and responsibilities of each of such courts and of the judges or justices thereof; and may provide that the jurisdiction of such courts shall be exclusive.'

"It is apparent from the foregoing constitutional provisions that at all times material to this proceeding the juris-

diction of the superior court in civil actions for money ended when the amount involved in the litigation was less than the amount specified as the maximum amount that could be recovered in a justice's court. There was no constitutional line of demarkation separating the jurisdiction of the two courts, such matter being left entirely to legislative enactment. A law increasing the jurisdiction of the justices' court would automatically reduce the jurisdiction of the superior court by the exact extent that jurisdiction had been granted to the inferior court.

"Under the authority granted to it in 1879 the legislature in 1880 proceeded to provide for the establishment of justices' courts throughout the state. We need only concern ourselves with the legislation applicable to township justices' courts. Section 106 of the Code of Civil Procedure as then adopted (Code Amdts. 1880, p. 34) and still in force, provided as follows: 'The civil jurisdiction of justices' courts extends to the limits of the townships in which they are held; but mesne and final process of any justices' court in a county may be issued to and served in any part of the county.' Section 112 of the same code as adopted in 1880 (Code Amdts. 1880, p. 35), in so far as its provisions are involved here, limited the jurisdiction of justices' courts to an amount of not to exceed $300 sought to be recovered in actions on contracts. An important amendment to this section was enacted in 1929 (Stats. 1929, p. 834), which we will consider in connection with the legislation following the adoption of section 11a of article VI of the Constitution. Section 113 of the Code of Civil Procedure (Code Amdts. 1880, p. 35) gave justices' and superior courts concurrent jurisdiction in certain actions of forcible entry and detainer and to foreclose liens on personal property. Section 114 of the same code (Code Amdts. 1880, p. 36) contained a legislative declaration of some of the provisions of section 11 of article VI of the Constitution as it was first adopted. These two latter sections were repealed in 1929 (Stats. 1929, p. 834). Section 832 of the Code of Civil Procedure, in effect at the time the case of *Van Horn* v. *Van Horn* was instituted, placed the venue in such an action (omitting here the consideration of the amount involved) 'in the township or city in which the defendant resides'.

"It clearly appears and has been held in numerous cases that prior to the code amendments of 1929 giving enlarged

jurisdiction to justices' courts in townships having a population of thirty thousand or more, the plaintiff, Jay Van Horn, should have brought his action in the township of the residence of the defendant had the recovery he sought been less than $300, and in the superior court of the county of the residence of the defendant where he sought to recover a greater amount.

"Following the adoption of section 11a of article VI of the Constitution the legislature in 1929 passed several acts increasing the jurisdiction and changing the procedure in justices' courts in townships having a population of thirty thousand or more. No change which it is necessary to note was made in justices' courts in townships having a lesser population. (Secs. 112, 831h, 835a, 900b, Code Civ. Proc.; sec. 4185a, Pol. Code.) The general effect of these amendments was to enlarge the jurisdiction of justices' courts in townships having a population of thirty thousand or more so that they might hear and determine civil actions at law in which the demand or damages sought to be recovered do not exceed $1,000. Jurisdiction was also increased in other instances not necessary to detail here.

"It was also provided that in these justices' courts actions be commenced and prosecuted in the same manner and under the same rules of pleading as were provided by law governing civil action and the enforcing of judgments in municipal courts of the state. The qualifications for justices of the peace in these courts was also fixed.

"It should be observed that San Bernardino township has had a justices' court with a justice of the peace presiding therein since the adoption of the codes. His jurisdiction over the subject-matter of actions has been changed by previous amendments of the codes. His territorial jurisdiction has always been limited to the boundaries of his township by section 106 of the Code of Civil Procedure since its adoption in 1880. This section has not been amended.

"The case of *Proctor* v. *Justices' Courts*, 209 Cal. 39 [285 Pac. 312, 313], contains a careful review of the legislation in California since 1850 affecting justices' courts. The conclusion is there reached that 'section 112 of the Code of Civil Procedure relates to the kind of civil causes . . . of which justices' courts may take cognizance' and that this section does 'not purport to fix the territorial jurisdiction of these courts'.

"It has been very generally held that in actions based upon contract for recovery of a money judgment the action must be commenced in the township in which the defendant resides (*Holbrook* v. *Superior Court*, 106 Cal. 589 [39 Pac. 936]), unless there is an agreement to perform elsewhere, or unless the defendant submits himself to the jurisdiction of the court. Section 106 of the Code of Civil Procedure still limits the territorial jurisdiction of a justices' court to the boundaries of his township, and we do not find that any of the amendments of 1929 have changed this rule. ■ We conclude that the action of *Van Horn* v. *Van Horn* should have been commenced in the superior court of San Bernardino county, the recovery being sought for more than $300 and the defendant residing without the boundaries of San Bernardino township and within San Bernardino county in a township having less than thirty thousand population and he not having undertaken to perform within San Bernardino township.

"We do not believe that the provisions of section 831h of the Code of Civil Procedure were intended to extend the jurisdiction of justices' courts in the larger townships to that then enjoyed by municipal courts, but only to apply municipal court procedure to these justices' courts."

We are in accord with the conclusion reached by the District Court of Appeal, as above stated, that the action of *Van Horn* v. *Van Horn* should have been commenced in the superior court of the county of San Bernardino. In other words, the superior court had jurisdiction of the subject matter of said action. ■ If so, its jurisdiction was exclusive, and the Justice's Court of San Bernardino Township had no jurisdiction over the same. (*Shipp* v. *Superior Court*, 209 Cal. 671 [289 Pac. 825].) There can be no such thing as concurrent jurisdiction over the same subject matter of an action in the superior court and in the justice's court, except in the few cases mentioned in the Constitution and this is not one of them. As is said in a previous part of this opinion, where the jurisdiction of the justice's court ends, the jurisdiction of the superior court begins. There is no overlapping of jurisdiction, and no option is given to a litigant to select one or the other of these two courts in which to institute his action. The law has done this for him. The Constitution and statutes of this state, above

cited, have definitely fixed and determined the respective jurisdictions of these two courts. In counties where a justice's court of larger jurisdiction exists and there is no municipal court in said county, if under section 832 of the Code of Civil Procedure the action can be commenced in said justice's court, then that court has exclusive jurisdiction thereof, but if it cannot be commenced in the justice's court and the amount of the demand exceeds $300, then the action must be commenced in the superior court. As the action filed in the justice's court was within the exclusive jurisdiction of the superior court, the appearance of the defendant therein did not confer jurisdiction of said action upon the justice's court. (*Shipp* v. *Superior Court, supra; Marin M. W. Dist.* v. *North Coast W. Co.*, 178 Cal. 324, 328 [173 Pac. 473, 474]; 7 R. C. L. 1043.) In *Marin M. W. Dist.* v. *North Coast W. Co., supra,* it is said: "It is the universal rule that jurisdiction of the subject-matter cannot be conferred upon a tribunal by consent, and it follows that the parties cannot make an effective waiver of a lack of such jurisdiction." The cases of *Olcese* v. *Justice's Court,* 156 Cal. 82 [103 Pac. 317], *Vance* v. *Superior Court,* 48 Cal. App. 327 [191 Pac. 945], and *Gulick* v. *Justice's Court,* 101 Cal. App. 619 [281 Pac. 1031], relied upon by petitioner, are not applicable here as they involve simply the waiver of jurisdiction of the person, while the jurisdiction which we are considering involves the jurisdiction of the subject matter of the action.

Petitioner relies with some assurance upon our decision in *People* v. *Justice's Court,* 212 Cal. 603 [299 Pac. 731], which was a proceeding in mandate to compel the respondent court to set aside its order quashing summons and to proceed with the trial of the action pending before it. That action had been brought in the Justice's Court of the Township of Sacramento, which township had a population exceeding 30,000 inhabitants, under a statute directing that the same should be commenced "in a court of competent jurisdiction in the County of Sacramento". As the amount involved therein was over $300 and less than $1,000, it was brought in the Justice's Court of the Township of Sacramento. No question was raised in the proceeding of *People* v. *Justice's Court, supra,* but that the action in the justice's court was brought in the proper court. The only point

made was that the action having been brought in the justice's court, the summons therein could not be served out of the county in which the justice's court was situated. We held that section 831h of the Code of Civil Procedure applied in such a case, and authorized the service of summons as in actions pending in the superior courts. There is nothing in that decision inconsistent with the conclusion at which we have arrived in this action. We simply held that the order quashing the summons was unauthorized and directed the justice's court to proceed with the trial of the action.

The peremptory writ is denied.

Shenk, J., Langdon, J., Preston, J., Seawell, J., Tyler, J., *pro tem.,* and Waste, C. J., concurred.