[Civ. No. 8879. First Appellate District, Division One.—July 9, 1934.]

FRANK G. MORTE, as Administrator, etc., Appellant, v. JUSTICE'S COURT OF OAKLAND TOWNSHIP, etc., et al., Respondents.

Arthur T. MacDonald for Appellant.

J. W. O'Neill and A. A. Rogers for Respondents.

THE COURT.—An appeal from a judgment denying a petition for a writ of prohibition.

It appears that Oakland and Brooklyn townships in the county of Alameda each has a population exceeding 30,000

and that there is no municipal court in said county. On January 29, 1932, one Freitas brought suit against petitioner, as administrator of the estate of Manuel G. Morte, deceased, in the Justice's Court of Oakland Township on a rejected claim against said estate in the sum of $378; that petitioner appeared before said Justice's Court and moved for a dismissal of the action on the ground that the court was without jurisdiction of the person of petitioner or of the subject of the action, for the reason that petitioner at the time the action was filed was a resident of said Brooklyn township and the claim sued upon was contracted and payable in said township. The motion was denied, following which a writ of prohibition was sought. This also was denied and petitioner has appealed.

He claims that the jurisdiction of justices' courts was limited by section 106 of the Code of Civil Procedure to the territorial limits of the township, and that his motion to dismiss should have been granted.

█ According to the view expressed in *Van Horn* v. *Justice's Court*, 216 Cal. 235 [13 Pac. (2d) 704], section 112 of the Code of Civil Procedure (since amended) related to the kind of civil causes of which justices' courts might take cognizance and did not purport to fix the territorial jurisdiction of those courts; and that section 106 of said code (since repealed—Stats. 1933, p. 1835) limited the territorial jurisdiction of the Justice's Court to the boundaries of the township. It was there held that *People* v. *Justice's Court*, 212 Cal. 603 [299 Pac. 731], decided nothing to the contrary as the only question considered was whether the summons issued in an action commenced in the Justice's Court of the township of Sacramento could be served out of the county. It was held in *Van Horn* v. *Justice's Court, supra,* that under the peculiar facts of that case respondent Justice's Court had no jurisdiction of the subject of the action, and that consequently the fact that the petitioner appeared generally was not a waiver. Here the court had jurisdiction of the subject of the action (Code Civ. Proc., sec. 112), the petitioner's only tenable objection in the circumstances being that the action was not commenced in the township in which he resided (Code Civ. Proc., sec. 832). While this has been held to be a valid objection to jurisdiction (*Lowe* v. *Alexander,* 15 Cal. 296, 301; *Jolley* v. *Foltz,* 34 Cal. 321; *Bog-*

*muda* v. *Young,* 58 Cal. App. 19 [207 Pac. 915]), it is well settled that where only the question of jurisdiction of the person is involved a general appearance is a waiver (*Olcese* v. *Justice's Court,* 156 Cal. 82 [103 Pac. 317]; *Vance* v. *Superior Court,* 48 Cal. App. 327 [191 Pac. 945]; *Gulick* v. *Superior Court,* 101 Cal. App. 619 [281 Pac. 1031]).

Subdivision 9 of section 832 of the Code of Civil Procedure provided that actions in justices' courts might be commenced and tried in the township or city in which the defendant resided. Here both Brooklyn and Oakland townships are in the city of Oakland where petitioner resided; and, as held in the cases last cited, if a defendant wishes to insist upon the objection that he is not in court for want of jurisdiction of his person he must specially appear for that purpose only; and if under such circumstances he raises any other question, or asks for any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, his appearance is general although termed special. Such was the effect of petitioner's objection to the jurisdiction of the court over the subject matter of the action and his demand for a dismissal on that ground was relief which could only be granted upon the theory that he was regularly before the court.

The judgment is affirmed.