[Civ. No. 13. Fourth Appellate District.—October 31, 1929.]

D. C. GULICK, Appellant, v. JUSTICE'S COURT OF INDIO TOWNSHIP et al., Respondents.

Howell W. Richardson, Anderson, Anderson & Sheehan and Thomas E. Parke for Appellant.

Thomas C. Yeager for Respondents.

MARKS, J.—On April 8, 1927, one Thomas J. Casey filed an action in the respondent court praying judgment against D. C. Gulick, defendant there and appellant here, in the sum of $150.

It appears that appellant incurred an indebtedness in the township of Indio, in Riverside County, to Casey, and on March 30, 1927, in the same township and county, gave him his check in the sum of $150, made payable to Thos. J. Casey, dated at Los Angeles, California, and drawn on the Pacific National Bank, Los Angeles, California. The check was sent through the usual channels for collection and when it reached the Pacific National Bank payment had been stopped by appellant. While the return on the summons is not in the record, it appears elsewhere that the summons was served on appellant in Los Angeles. Defendant appeared by demurrer in words and figures as follows: "In the Justice's Court of Indio Township, County of Riverside, State of California. Thos J. Casey, plaintiff, vs. D. C. Gulick, defendant. No. ——. Demurrer. Now comes the defendant and demurs to the complaint in this action and for cause of demurrer alleges: That the Court has no jurisdiction of the person of the defendant because the defendant is a non-resident of the County of Riverside, and resides in the City of Los Angeles, County of Los Angeles, and there is a special contract in writing, to wit the alleged check sued on herein, drawn on the Pacific National Bank of Los Angeles, and payable there, and was not payable or to be performed in said Township of Indio. Dated this 21st day of April 1927. Howell W. Richardson. Thomas E. Parke." The demurrer came on regularly to be heard and was overruled, and appellant given ten days in which to file his answer.

Appellant filed his petition in the Superior Court of the County of Riverside, seeking a writ of prohibition against respondent, alleging his residence in Los Angeles and the service of summons upon him there. Attached to the petition were copies of the complaint, summons, without the re-

turn, and the demurrer. An alternative writ of prohibition was issued, and thereafter, after a hearing, the writ of prohibition was denied by the trial court. The respondent has made no appearance in this court and the action is submitted on the transcript on appeal and the brief of appellant.

Section 832 of the Code of Civil Procedure provides in part as follows:

"Actions, Where Must Be Commenced. Actions in justices' courts must be commenced, and, subject to the right to change the place of trial, as in this chapter provided, must be tried:

"5. When the defendant is a nonresident of the county—in any township or city wherein he may be found;

"7. When a person has contracted to perform an obligation at a particular place, and resides in another county, township, or city—in the township or city in which such obligation is to be performed, or in which he resides; and the township or city in which the obligation is incurred is deemed to be the township or city in which it is to be performed, unless there is a special contract in writing to the contrary.

"8. When the parties voluntarily appear and plead without summons—In any township or city in the State;

"9. In all other cases—in the township or city in which the defendant resides."

Section 848 of the Code of Civil Procedure provides in part as follows:

"Service of Summons Outside of County. The summons cannot be served out of the county wherein the action is brought, except in the following cases:

"2. When the action is brought against a party who has contracted in writing to perform an obligation at a particular place, and resides in a different county, in which case the summons may be served in the county where he resides."

At the hearing of the demurrer in the respondent court apparently the only files before the court were the complaint and demurrer. As far as the record here goes, the summons had not been returned. There was nothing offered by appellant in support of his demurrer to show that the defendant was a resident of Los Angeles County

or that summons was served on him there. As far as the record showed at that time, summons might have been served on defendant in the township of Indio. The complaint stated a cause of action and there was nothing upon which the respondent court could base an order sustaining the demurrer unless the check set forth in the complaint was a special contract which brought the case under the provisions of the last sentence of subdivision seven of section 832 of the Code of Civil Procedure. In using the words ''Special Contract'' in this sentence the legislature must have had in mind some contract other than one ordinarily and usually used in every-day transactions of business life, otherwise the word ''Special'' could have no significance, and need not have been inserted in the section. We believe that in the use of this word the legislature had in mind those contracts in which there is a direct and definite promise to pay at a certain place named therein such as is found in some forms of promissory notes.

■ The case before us presents no feature of a special or unusual contract. In fact, the transaction is very usual and ordinary. Appellant apparently contracted a debt to Casey in Indio and gave him his check on a Los Angeles bank in payment of the same. We do not believe that this check was a ''special contract'' that of itself would require the suit to be brought in Los Angeles. To hold otherwise would require merchants accepting checks from customers living in distant parts of the state, in payment for goods sold, to follow these debtors to their homes or the homes of their banks in case the checks be not paid. We do not believe the legislature contemplated any such procedure in adopting section 832 of the Code of Civil Procedure in its present form. We therefore believe that the ruling of the respondent Justice of the Peace was correct on the record before him.

The record in the Superior Court presented two facts in addition to those before the Justice's Court, namely: That the appellant was a resident of the city of Los Angeles and that the summons was served on him there. Upon the record presented the trial court held that the respondent court had jurisdiction of the person of appellant.

Jurisdiction of the person is obtained by the legal service of a valid process issued out of a court of competent juris-

diction in a case or proceeding properly pending, or by a party voluntarily appearing, or by his seeking, taking or agreeing to some act or step in the proceeding or action to his benefit, or to the detriment of the other party, other than by one contesting the jurisdiction over his person only. (Sec. 1014, Code Civ. Proc; *Chaplin* v. *Superior Court,* 81 Cal. App. 367 [253 Pac. 954]; *Grinbaum* v. *Superior Court,* 192 Cal. 528 [221 Pac. 635].)

In the case before the court appellant demurred to Casey's complaint on the ground of lack of jurisdiction of his person, because of his residence in Los Angeles, to which he added the further ground that the check given constituted a special contract in writing payable, and to be performed in Los Angeles, and not in the township of Indio. The first specification was in effect an attack upon the service of summons in Los Angeles under the provision of subdivision 2, section 848 of the Code of Civil Procedure. The second specification went to the right of the court to entertain the action under the provisions of subdivision 7, section 832 of the Code of Civil Procedure, and presented to the respondent court the question of the construction of the statute and the determination of the question of whether or not the check was a "Special Contract" within the meaning of the section last cited. It presented a question of law independent of and beyond the one involving the bringing the person of the appellant into court by the service of process upon him. It went to the point of the right of the court to entertain the action. In other words, if appellant's contention was correct, not only the person of the appellant had not been brought into court properly but the action itself had been instituted in the wrong court.

In the case of *Olcese* v. *Justice's Court,* 156 Cal. 82 [103 Pac. 317, 318], Mr. Justice Henshaw has clearly stated the law as follows: "Pleas based upon lack of jurisdiction of the person are in their nature pleas in abatement and find no especial favor in the law. They amount to no more than the declaration of the defendant that he has had actual notice, is actually in court in a proper action, but, for informality in the service of process, is not legally before the court. It is purely a dilatory plea, and when a defendant seeks to avail himself of it, he must, for very obvious reasons, stand upon his naked legal right and

seek nothing further from the court than the enforcement of that right. He will not be heard to ask of the court anything further than an adjudication upon his plea, and if he does ask anything further, then, by logic of the fact, he must necessarily have waived the irregularity of his summons before the court. Here is one reason for the well-settled rule that if a defendant wishes to insist upon the objection that he is not in court for want of jurisdiction over his person, he must specially appear for that purpose only, and must keep out for all purposes except to make that objection. Another reason equally valid is that if such defendant shall ask for any relief other than that addressed to his plea, he is seeking to gain an unconscionable advantage over his adversary, whereby, if the determination of the court be in his favor he may avail himself of it, while, if it be against him, he may fall back upon his plea of lack of jurisdiction of the person. So it is well settled that if a defendant, under such circumstances, raises any other question, or asks for any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, his appearance is general, though termed special, and he thereby submits to the jurisdiction of the court as completely as if he had been regularly served with summons.''

The demurrer of appellant did not confine itself to the question of jurisdiction of his person alone, but went further and presented another question of law vital to his defense. As he did this, he must be held to have appeared generally in the action, and that therefore the respondent court gained jurisdiction over his person. (*Vance* v. *Superior Court*, 48 Cal. App. 327 [191 Pac. 945].)

Judgment affirmed.

Sloane, P. J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 27, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 30, 1929.

All the Justices present concurred.