[S. F. No. 18226. In Bank. Feb. 5, 1952.]

RICHARD CAFFREY, Respondent, v. B. A. TILTON, Appellant.

F. T. Leonetti for Appellant.

Frank J. Baumgarten for Respondent.

SHENK, J.—The plaintiff is a resident of the city and county of San Francisco. The plaintiff sued the defendant in San Francisco, for declaratory relief in reference to his rights under a contract which they had entered into in Los Angeles County. The defendant appeals from an order denying his motion for a change of venue to Los Angeles.

At the time this action was commenced the defendant was and for many years prior thereto had been a resident of the county of Los Angeles and engaged in a gear manufacturing business. The contract contemplated the employment of the plaintiff as the defendant's sales representative for northern California on a commission basis. This agreement is contained in a letter from the defendant to the plaintiff which lists

certain "companies we have done work for" in northern California. The plaintiff obtained an order from one of these companies but the defendant told him not to negotiate with that company because its financial situation was precarious. The defendant added that if the plaintiff did not wish to continue his work subject to this condition he could consider the agreement as revoked. The plaintiff thereupon filed the complaint in this action alleging that he had performed all terms of the agreement but that the defendant seeks to modify or terminate it, and asking for a declaration that the plaintiff is entitled to a commission on present and future business from this particular company, for a declaratory judgment ordering that the plaintiff receive such compensation, and for a declaration of the rights and duties of the parties.

It is undisputed that under the general provisions of section 395 of the Code of Civil Procedure the defendant is entitled to have this action tried in Los Angeles which is both his residence and the place where the contract was entered into. It is contended, however, that there is a "special contract in writing" sufficient to justify the denial of the requested change of venue in accordance with the following portion of that section: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract was in fact entered into, or the county in which the defendant . . . resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and *the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary.*" (Italics added.)

No place of performance is specified in the letter setting forth the agreement. The plaintiff relies on the declaration of Civil Code, section 1489, that: "In the absence of an express provision to the contrary, an offer of performance may be made, at the option of the debtor: . . . 2. Wherever the person to whom the offer ought to be made can be found." He contends that San Francisco, the place of his residence, is the place of performance by the defendant and that the section has the effect of a "special contract in writing" within the meaning of section 395 of the Code of Civil Procedure. Such an unreasonable, indeed absurd, result cannot be deemed to have been intended by the Legislature. If the plaintiff's contention were to prevail the obligee of a contract could

control the venue of an action by the simple expedient of sojourning in whatever county he chose as the place to commence his action since that county would be the county in which he might be found.

While section 1489 of the Civil Code may be assumed to be an implied provision of the agreement, it does not follow that it constitutes the "special contract in writing" referred to in section 395 of the Code of Civil Procedure. In *Armstrong* v. *Smith*, 49 Cal.App.2d 528 [122 P.2d 115], the contention that venue may be determined by an implied agreement as to the place of performance of a contract was expressly rejected and an order denying a motion for a change of venue to the county of the defendant's residence was reversed. The court stated at page 536 in reference to the portion of section 395 here involved: "If the parties have only impliedly agreed to a place of performance when the statute says that they should have specially agreed before the remedy sought may be obtained, no redress may be had." It was noted that a "special" contract is one whose provisions are express and not dependent on implication. (See cases cited in the Armstrong case, *supra*, 49 Cal.App.2d at page 535; see, also, *Hill* v. *Hanna*, 57 N.D. 412 [222 N.W. 459]; *Oliver Cadillac Co.* v. *Rosenburg*, (Mo.App.) 179 S.W.2d 476.)

It is argued that the Armstrong case is distinguishable on the ground that the obligation sued on was an implied obligation while it is claimed that the obligation here sued on is express. Such a distinction is untenable. The portion of section 395 of the Code of Civil Procedure referred to is concerned with the requirement of a definitely expressed place of performance of an obligation and not with the terms of the obligation itself. Since that section definitely specifies that the county where the obligation is incurred is deemed to be the county in which it is to be performed in the absence of a "special contract in writing to the contrary," and since no such contract has been shown, the trial court was in error in denying the defendant's motion.

The order is reversed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.