## Appellate Department, Superior Court, Fresno

[Civ. A. No. 81.   Nov. 28, 1960.]

FIDELITY THRIFT AND LOAN ASSOCIATION (a Corporation), Respondent, v. GEORGE HALL et al., Appellants.

Vizzard, Baker, Sullivan & McFarland for Appellants.

Chevalier & Adams for Respondent.

GOLDSTEIN, J.—The determination of this appeal depends upon the construction to be placed on the words "special contract" contained in section 395, Code of Civil Procedure.

The facts are not in dispute. The defendants reside in Kern County, California. They entered into a written conditional sales contract in Kern County with a firm known as State Center Knitting Company for the purchase by the defendants of a knitting machine. Thereafter, the contract was assigned by State Center Knitting Company to the plaintiff, Fidelity Thrift and Loan Association. The Fidelity Thrift and Loan Association has brought this suit against the defendants for the alleged unpaid balance due on said conditional sales contract. Attached to the complaint is a copy of

the contract. On the copy of the contract so attached to the complaint appears the following statement: "Purchaser agrees to pay said contract balance in successive monthly installments payable at Fidelity Thrift & Loan Association on the same day of each month . . ."

In its complaint the plaintiff alleges that "its principal place of business" is "in the Fresno Judicial District, County of Fresno, State of California." (Paragraph II, plaintiff's complaint.) The plaintiff further alleges in its complaint that the defendants agreed in writing to pay the balance due under the contract to Fidelity Thrift and Loan Association, and "that the said Fidelity Thrift & Loan Association is located and has its principal and only place of business in the Fresno Judicial District, County of Fresno, State of California." (Paragraph VII, plaintiff's complaint.)

The defendants moved for a change of venue from Fresno County to Kern County. The motion was denied in the court below. From the order of denial this appeal has been taken.

Section 395 of the Code of Civil Procedure provides in part as follows:

"When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a *special contract* in writing to the contrary." (Emphasis added.)

Each of the parties has placed a diametrically opposed construction on the words "special contract" in the foregoing section.

### PLAINTIFF'S CONTENTION

The plaintiff takes the position that the above-quoted statement appearing in the contract, taken together with the allegations of its complaint to the effect that it maintains its principal and only place of business in Fresno County, is a sufficient compliance with the provisions of the statute requiring a special contract in writing, if suit is to be brought in a county other than that of the residence of the defendants or the place where the contract was entered into. It further contends that proof may be offered *aliunde* the contract to

supply the evidence necessary to place the geographic location of the plaintiff's place of business in this county, and that the failure to insert such geographic location is not fatal to the plaintiff's right to retain the action in Fresno County, California. With this contention the lower court has expressed agreement in its opinion.

### DEFENDANTS' CONTENTION

The defendants, on the other hand, urge that the words "special contract," employed in the section above quoted, require the designation of the actual and geographic place of performance; that extrinsic evidence cannot be offered to remedy such omission in the special contract; and that the failure to insert the same in the special contract is fatal to the retention of the trial of this case in Fresno County, California.

We have concluded from an analysis of the cases construing the words "special contract" as used in the statute, that the motion for a change of venue should have been granted.

■■ The basic rule relating to the venue of actions is set forth in *Kaluzok* v. *Brisson,* 27 Cal.2d 760, where the court states at page 763 [167 P.2d 481, 163 A.L.R. 1308] :

"The right of a defendant to have an action brought against him tried in the county of his residence is an ancient and valuable right, safeguarded by statute and supported by a long line of decisions. ■ The right of a plaintiff to have an action tried in a county other than that of the defendant's residence is exceptional. If the plaintiff would claim such right he must bring himself within the exception." (Citing cases.)

The leading case interpreting the words "special contract" in this state is *Armstrong* v. *Smith,* 49 Cal.App.2d 528 [122 P.2d 115]. There a contract had been entered into in San Francisco County for the erection of a dwelling house in Alameda County. The defendant resided in San Mateo County. The plaintiff contractor filed suit in Alameda County for damages, alleging that the defendant had refused to permit him to erect the dwelling house. The defendant moved for a change of venue to the county of his residence, to wit, San Mateo County. An order made by the Superior Court denying a change of venue was reversed in the District Court of Appeal. ■ In its opinion the court defined the words "special contract" as follows: "A special contract has been defined in other jurisdictions as one in which there is expressed particular stipulations with respect to the obligations

of the parties, and which, if omitted, the law will not supply." (P. 535.)

It further amplified its definition as follows: "A special contract is one with peculiar provisions or stipulations not found in the ordinary contract relating to the same subject-matter. These provisions are such which, if omitted from the ordinary contract, the law will never supply." (P. 535.)

█ It concluded: "It is our opinion that before an action may be brought under section 395, *supra,* in the county where the obligation forming the basis of the suit is performable, the contract must specifically state the place of performance of such obligation." (P. 536.)

In *Caffrey* v. *Tilton,* 38 Cal.2d 371 [240 P.2d 273], the court cites with approval the holding in the Armstrong case and states the prevailing rule as follows at page 374: " 'If the parties have only impliedly agreed to a place of performance when the statute says that they should have specially agreed before the remedy sought may be obtained, no redress may be had.' It was noted that a 'special' contract is one whose provisions are express and not dependent on implication." (Citing cases.)

In *Gulick* v. *Justice's Court,* 101 Cal.App. 619 [281 P. 1031], decided in 1929, (when, however, the statute contained the same wording as does the present statute with respect to a "special contract,") the court stated at page 622: "In using the words 'Special Contract' in this sentence the legislature must have had in mind some contract other than one ordinarily and usually used in every-day transactions of business life, otherwise the word 'Special' could have no significance, and need not have been inserted in the section. We believe that in the use of this word the legislature had in mind those contracts in which there is a direct and definite promise to pay *at a certain place named therein such as is found in some forms of promissory notes.*" (Emphasis added.)

█ It is our opinion that it was the intention of the Legislature in using the words "special contract" to require in a case of this character that there be a definite, certain place of performance specified in the contract, and that any deficiency or lack thereof cannot be remedied by extrinsic evidence. Our decision is reinforced in the instant case by the fact that the plaintiff was not a party to the original contract. That contract was entered into between plaintiff's assignor and the defendants. True, the plaintiff's name was

mentioned as the place for performance by the defendants. There is nothing, however, in the record to indicate or suggest that at the time the agreement was entered into the defendants were notified of the place where performance was to be made by them, except the bare identification of the plaintiff as the person to whom such payments were to be made. If the plaintiff had offices situated in more than one county, then it could unilaterally fix the place of performance and thus fix the venue of the action without acquiescence on the part of the defendants. ■ We construe the legislative purpose in using the words "special contract" to avoid all possibility of uncertainty on the part of either party as to the place of performance, by strictly requiring that such place be designated with certainty. It must be admitted that there is uncertainty in the contract now before the court with respect to the place of performance which could only be resolved by extrinsic proof.

The plaintiff has emphasized in its brief the rule cautioning against a "strained construction" of a statute and requiring that a statute be given a "reasonable interpretation." With this we agree. In the Armstrong case, *supra,* this subject was discussed with respect to the words "special contract" appearing in section 395 of the Code of Civil Procedure. The court concluded, however, that those words, when given a reasonable interpretation, require that the contract nevertheless contain a specific place of performance and that nothing less would suffice. We quote from the opinion:

"A statute so interpreted is to be applied to the facts as presented. If the parties have only *impliedly agreed* to a place of performance when the statute says that they should have specially agreed before the remedy sought may be obtained, no redress may be had. The Court is powerless to redraft either the statute or their contract and do aught but apply the law to the facts as it finds them." (P. 536.) (Emphasis added.)

The plaintiff in its brief relies principally on *Mills Sales Co.* v. *Gonzales,* 146 Cal.App.2d Supp. 899 [304 P.2d 274]. That was a decision of the Appellate Department of Alameda County, California. The case, however, does not assist the plaintiff, but on the contrary, is clearly distinguishable from the instant case on its facts. In that case, the complaint alleged without contradiction:

"Said contract . . . provided that said installment payments be made at the Oakland Main Office of Bank of America

National Trust and Savings Association in the City of Oakland, County of Alameda, State of California; . . .'' (P. 901.)

Thus, in the Mills case the geographic place of performance was set forth with particularity. Such is not the case here.

The order denying the motion for a change of venue is accordingly reversed, with costs to the appellant.

Kellas, P. J., and Meyers, J., concurred.