10 Cal.Rptr. 814]

**Appellate Department, Superior Court, Los Angeles**

[Civ. A. No. 10154. Jan. 18, 1961.]

INGLEWOOD THRIFT AND LOAN (a Corporation), Appellant, v. LeROY R. COLBY et al., Respondents.

858

Rosenfeld & Tucker for Appellant.

David C. Walker for Respondents.

SWAIN, P. J.—This is an appeal by the plaintiff from an order changing the place of trial from the Municipal Court of the Inglewood Judicial District in Los Angeles County to the Municipal Court of the Anaheim-Fullerton Judicial District in Orange County. The action is for the collection of money claimed to be due the plaintiff on a written contract for the purchase by the defendants from plaintiff's assignor of certain personal property, a vacuum system. The defendants are residents of the Anaheim-Fullerton Judicial District; the contract was entered into in Orange County but it provides, "The undersigned Purchaser agrees to pay the Time Price Balance designated herein . . . at the office of the Seller or Seller's assignee. . . ." The only question for us to decide is: Is this a special contract in writing that the contract is to be performed (i.e., that the purchase price be paid) in Los Angeles County, within the meaning of Code of Civil Procedure, section 395? We are convinced that it is, that the Municipal Court of the Inglewood Judicial District was a proper place of trial and that it was error to grant the motion for a change of venue to the Anaheim-Fullerton Judicial District in Orange County.

Code of Civil Procedure, section 395, subsection (1) provides in part: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the

action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary." Subsection (2) of Code of Civil Procedure, section 395 provides: "The proper court for the trial of any such action in the county hereinabove designated as the proper county, shall be determined as follows: If there is a municipal or justice court, having jurisdiction of the subject matter of the action, established in the city and county or judicial district, in which the defendant, or any defendant, so resides, . . . or, in the cases hereinabove mentioned, in which the obligation was contracted to be performed, such court is a proper court for the trial of such action. . . ."

The leading case which discusses the meaning of the above provision "special contract in writing" is *Armstrong* v. *Smith* (1942), 49 Cal.App.2d 528 [122 P.2d 115]. This was an action for damages for breach of a contract to build a house. Plaintiff, the contractor, alleged that the defendant would not permit him to finish the contract. At page 530 the court said: "The breach alleged is that of an implied obligation arising under the contract. By its terms the plaintiff agreed to build a house for the defendant in Alameda County for which the defendant agreed to pay a stipulated price. This much was expressly agreed to. In addition certain implied obligations arose out of the contract, each of the parties impliedly agreeing not to interfere with full performance by the other. It is upon the alleged breach of the defendant's obligation in this respect that plaintiff seeks to recover." The last sentence quoted distinguishes that case from the one at bar because it applies to an implied obligation and we are dealing with an express promise which we hold is a special promise. However, some of the language of that opinion has been so often quoted that we must consider it. At page 536 the court said, "It is our opinion that before an action may be brought under section 395, *supra,* in the county where the obligation forming the basis of the suit is performable, the contract must specifically state the place of performance of such obligation. If the contract so states, then the provision as to place of performance is both express and special." The distinction between an express contract and an implied contract or an implied provision of a contract is pointed out at page 535 where the court said, "An express contract is one whose terms are uttered or stated in words or writing. An implied contract

is a matter of inference or deduction." The Supreme Court states in *Caffrey* v. *Tilton* (1952), 38 Cal.2d 371, p. 374 [240 P.2d 273] : "In *Armstrong* v. *Smith*, 49 Cal.App.2d 528 [122 P.2d 115], the contention that venue may be determined by an implied agreement as to the place of performance of a contract was expressly rejected and an order denying a motion for a change of venue to the county of the defendant's residence was reversed. The court stated at page 536 in reference to the portion of section 395 here involved : 'If the parties have only impliedly agreed to a place of performance when the statute says that they should have specially agreed before the remedy sought may be obtained, no redress may be had.' It was noted that a 'special' contract is one whose provisions are express and not dependent on implication. [Citations.] "

In *Gulick* v *Justice's Court* (1929), 101 Cal.App. 619, the court said at p. 622 [281 P. 1031] : "We believe that in the use of this word [special contract] the legislature had in mind those contracts in which there is a direct and definite promise to pay at a certain place named therein such as is found in some forms of promissory notes." This case dealt with a check drawn on a bank in Los Angeles, given in Indio to pay an indebtedness incurred at Indio. The court held the check was not a special promise to pay in Los Angeles. It was, in fact, an order for the payment of money on which payment was stopped. The indebtedness was still due in Indio.

The contract in the case at bar specifically states that it is payable "at the office of the Seller or Seller's assignee." The place of payment is not left to inference nor is it merely implied. The place of payment stated in the contract can be proved by evidence not by implication. This is sufficient. 92 Corpus Juris Secundum states at page 692: "However, the mere fact that parol or extraneous evidence was required to identify the place of payment or performance from the designation in the contract did not render the statute inapplicable." Corpus Juris Secundum cites Texas cases as authority for this statement and then discusses a 1935 amendment to the statute which narrows the provision so that it no longer is comparable to our Code of Civil Procedure, section 395. Texas cases decided after that amendment must be disregarded. The point under discussion was squarely decided by this court in *Rosman* v. *Myers* (1957), Civ. A. 9341, which states: "The Municipal Court of Los Angeles Judicial District was a proper court for trial because the purchaser promised in writing to pay the purchase price 'at office of assignee of Seller,' which office is in

the City of Los Angeles." Again, in *Rosman* v. *Jones* (1957), Civ. A. 9042, this court said: "We see no reason to depart from the conclusions expressed in *Rosman* v. *Myers,* Civ. A. 9341. The contract provided that payment was to be made at the office of the assignee of seller, which was in the Los Angeles Judicial District, and the Municipal Court of that Judicial District was one of the proper courts for its trial, and the case should not have been transferred to another court even though it was also proper." That the words, payable "at the office of the seller's assignee" constitute a "direct and definite promise to pay at a certain place named" in the contract and that evidence may be introduced to prove the location of the office of the seller's assignee is another illustration of the maxim of jurisprudence (Civ. Code, § 3538), "That is certain which can be made certain."

We are fully aware of the fact that the Appellate Department of the Superior Court of the County of Fresno has decided the question involved in the case at bar contrary to the way we have decided it. (*Fidelity Thrift & Loan Assn.* v. *Hall* (1960), 186 Cal.App.2d Supp. 895 [9 Cal.Rptr. 596].) We respect that court but point out that the opinion fails to distinguish between an implied promise to pay and an express promise to pay at a place named therein. At page 899 that opinion states, "It is our opinion that it was the intention of the Legislature in using the words 'special contract' to require in a case of this character that there be a definite, certain place of performance specified in the contract, *and that any deficiency or lack thereof cannot be remedied by extrinsic evidence.*" The clause we have emphasized is not supported by any of the authorities cited in that opinion and fails to recognize that making certain that which is uncertain, through the introduction of extrinsic evidence, is entirely different from adding by implication, and that only the latter is prohibited by the Armstrong case and the cases relying thereon.

There is no merit to a claim that the place of payment is not certain or definite because it can be changed from the office of seller to the office of seller's assignee by an assignment of the seller. The change is authorized by the contract and agreed to by the purchaser. *East-West Dairymen's Assn.* v. *Dias* (1943), 59 Cal.App.2d 437, 440-441 [138 P.2d 772], is in point.

The order appealed from is reversed.

Huls, J., and Smith, J., concurred.