## Appellate Department, Superior Court, Sacramento

[Civ. A. No. 127681.   Oct. 24, 1961.]

MORTHRIFT PLAN (a Corporation), Respondent, v.
A. L. FISCHER et al., Appellants.

Martin C. Baer for Appellants.

James K. Bullock for Respondent.

MUNDT, P. J.—This is an appeal by the defendants from
an order of the Municipal Court, Sacramento Judicial Dis-
trict, denying the defendants' motion for a change of venue
from that court to the Superior Court of the State of Cali-
fornia in and for the County of El Dorado.

In its complaint the plaintiff sets forth that it is the assignee of seller's interest in a conditional sales contract allegedly entered into between United Enterprises, as seller of a water conditioner, and the defendants as buyers. A copy of the purported conditional sales contract is attached to the complaint. Plaintiff prays for judgment for the entire contract balance, together with costs, because of an alleged breach of the agreement to pay the first installment.

The defendants filed a demurrer to the complaint, together with a motion for change of place of trial to the court which would have jurisdiction of the subject matter in El Dorado County. They filed an affidavit as to their defense on the merits and an affidavit and points and authorities in connection with their motion to change venue to El Dorado County.

By their affidavit the defendants clearly indicated that they were at all times residents of El Dorado County and that the contract attached to plaintiff's complaint (if it constituted a contract at all) was signed in El Dorado County and not in Sacramento County.

The plaintiff relied upon the verified complaint and the alleged contract incorporated therein and the affidavit of Jack B. Hunt, manager of Morthrift Plan, in opposing the motion for change of venue. The verification attached to the complaint was sworn to by the same Jack B. Hunt who made the affidavit in opposition to the motion for change of venue.

The alleged contract attached to the complaint contains the following provisions: "Buyer agrees to pay Seller or order the Time Price Balance designated herein in lawful money of the United States of America at the office of Morthrift Plan...."

The alleged contract on the first line thereof shows the words and figures: "Sacramento, Calif. March 15, 1960."

The affidavit of Jack B. Hunt, in opposition to the motion, sets forth the wording of the alleged contract as above and further states that the office of Morthrift Plan is and was at all times mentioned in the complaint, situated at 1229 "K" Street, Sacramento, California. The verification attached to plaintiff's complaint, which also was signed by Hunt, states that "he is Manager of the Sacramento Office of Plaintiff Corporation."

Based upon the foregoing information before it, the municipal court refused to transfer the case to the county of defendants' residence.

Section 395, Code of Civil Procedure, subsection (1), provides in part: "(1) ... When a defendant has contracted to perform an obligation in a particular county, either the county in which such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

The parties would have to agree that the defendants are entitled to have the case tried in the county of their residence unless the plaintiff has brought itself within one of the exceptions set forth in the above-quoted provisions of section 395, subsection (1). *Kaluzok* v. *Brissom,* 27 Cal.2d 760, 763 [167 P.2d 481, 163 A.L.R. 1308].

▮ Plaintiff contends first of all that the wording "Sacramento, Calif." at the top of the alleged contract is some evidence that the contract was made in Sacramento County and for that reason alone the trial court's determination should not be disturbed. This court heretofore adopted that view in a case where neither of the parties set forth by affidavit facts sufficient to determine where the contract was in fact made and the notation in the instrument was in effect the only evidence on the subject. In this case, however, the defendants' affidavit states that all conversations and the signing of the instrument in question took place in El Dorado County and the affidavit of plaintiff does not dispute said statements. In view of the positive testimony that the contract (if made at all) was made in El Dorado County, the mere notation "Sacramento, Calif." on the document is not sufficient evidence that it was made in Sacramento County to justify the trial court in retaining venue.

▮ The second and main contention of plaintiff is that the contract, by its terms, shows that it was payable at the office of Morthrift, and that this is sufficient to bring the case within the "special contract in writing" exception set forth in the statute hereinbefore quoted. In other words, plaintiff contends that it is unnecessary for the contract itself to specify the actual location of the plaintiff's place of business where defendant is required to perform if that can be determined by extrinsic evidence. Defendants, on the other hand, contend that the instrument in question must itself furnish

the geographic location of the place of performance in specific language.

There does not appear to be a decision of the Supreme Court or of the District Courts of Appeal which deals with the precise point before us. *Armstrong* v. *Smith* (1942), 49 Cal.App.2d 528 [122 P.2d 115], and *Gulick* v. *Justice's Court* (1929), 101 Cal.App. 619 [281 P. 1031] are often cited as requiring the location to be specified but Armstrong dealt with an ''implied'' promise not mentioned in the agreement at all and the Gulick case held that a check upon which payment had been stopped was not a ''special contract in writing'' under a similar statute. The court in the Gulick case stated that a special contract to perform at a specified place was intended by the Legislature to require the wording often found in promissory notes but that statement was unnecessary to the decision because the obligation for which the check was given was the obligation sued upon and not the check given to satisfy it upon which payment had been stopped. Nevertheless, the court may well have been correct in its view of the legislative intent.

There have been several appellate department decisions which more precisely involve the situation before us. Unfortunately they take divergent views of the question. In the case of *Fidelity Thrift & Loan Assn.* v. *Hall* (Nov., 1960), 186 Cal.App.2d Supp. 895 [9 Cal.Rptr. 596] the assignee of the conditional vendor brought suit in Fresno County and the defendants moved for a change of venue to Kern County where they resided and where the contract was made. The contract provided: ''Purchaser agrees to pay said contract balance in successive monthly installments payable at Fidelity Thrift & Loan Association on the same day of each month . . .'' In its verified complaint the plaintiff association had alleged that its principal and only place of business was located in Fresno Judicial District, County of Fresno, State of California. The trial court denied the motion for change of venue and its order was reversed by the Appellate Department of the Superior Court in and for Fresno County, all three judges concurring. The court stated at page 899 (186 Cal.App.2d Supp.):

''It is our opinion that it was the intention of the Legislature in using the words 'special contract' to require in a case of this character that there be a definite, certain place of performance specified in the contract, and that any de-

ficiency or lack thereof cannot be remedied by extrinsic evidence."

The Appellate Department in Los Angeles County has taken the opposite view. The latest expression by that court on the point with which we are concerned was in the case of *Inglewood Thrift & Loan Corp.* v. *Colby*, 188 Cal.App.2d Supp. 857 [10 Cal.Rptr. 814] reported in the May 15th, 1961, issue of the Los Angeles Daily Journal Report Section. The three appellate department judges were in agreement that the words "The undersigned Purchaser agrees to pay the Time Price Balance designated herein . . . at the office of the Seller or Seller's assignee" were sufficient as a special contract in writing within the meaning of the statute, because the exact location of the place of payment could be shown by extrinsic evidence.

It was there determined that it is not necessary in the "special contract" referred to in Code of Civil Procedure section 395 to set forth a geographical location for the performance of a contract or to name that place of performance precisely as to location or in detail. It is sufficient, reasoned Judge Swain, the author of the opinion, if it appears in the contract that it is to be performed at a particular office. Parol or extrinsic evidence may then be introduced from which it may be determined that the office is in a certain location for the purpose of establishing the proper county for the trial of the issue.

While we have the greatest respect for both the Appellate Departments of the Fresno and Los Angeles Superior Courts, our interpretation of the legislative intent as expressed in subdivision (1) of section 395 accords with that of the Los Angeles opinion.

Where the meaning of legislative language is clear, courts may not "legislate" judicially. The Legislature has stated that the place where an obligation is incurred shall only be deemed to be the county in which it is to be performed "unless there is a special contract in writing to the contrary."

Could anything be plainer than that a "special contract in writing" which expressly states that it is "payable at the office of Morthrift Plan" specifies a place of performance "to the contrary" of the place of obligation incurrence (El Dorado County) if in fact Morthrift Plan has no office in El Dorado County? We are in this interpretation dealing with a contract between parties wherein they have or have not determined the place of performance of that contract.

If they have, as they have a perfect right to do, determined in a special contract that the performance shall be at a designated place, it is the duty of the courts to enforce that agreement and compel performance in the place so designated. In enforcing that agreement and in requiring performance the court would be entitled to receive and entertain parol evidence, not to alter the terms of the contract but to make it certain.

Here the contract provided that the buyer was to pay seller or order the time price balance therein designated at the ''office of Morthrift Plan.'' There isn't anything illegal about that provision; it is entirely consistent with public policy. The parties had a perfect right to so contract and agree; and whenever this case is tried, if plaintiff should obtain judgment and payment is required, the contractual provision will be enforced and the trial court will, of necessity, determine that the money should have been paid as agreed. The defendant cannot successfully argue that he was not required to honor the contract because the geographical location of the Morthrift Office was not specifically set forth.

As an elaboration of what is said above it seems not inappropriate to borrow from the judicial language which has been adopted to define application of the statute of frauds (which says that certain contracts must be in writing) and the parol evidence rule (which says that parol evidence may not be introduced to prove that parties who clearly said one thing, meant another). Quoting from 23 California Jurisprudence 2d 356:

''Although parol evidence cannot be admitted to defeat the operation of the statute of frauds, it is always admissible to explain the surrounding circumstances, and the situation and relationship of the parties, at and immediately before the making of the contract, *in order to identify the description in the memorandum with the subject matter intended to be comprehended by the agreement,* and to explain technical terms and phrases that have been used in a local or special sense. For instance, oral evidence may be admitted to clarify a memorandum by showing the manner in which figures or abbreviations were used, *and their meaning may be explained in the light of the understanding of the parties at the time the agreement was made.*'' (Emphasis added.)

On page 358: ''Both the parol evidence rule and the statute of frauds require the exclusion of extrinsic evidence which would vary, contradict, or add to the terms of a written agreement and both permit the reception of parol evidence to

identify the subject matter of the agreement from the description thereof in the memorandum, *to explain the meaning of ambiguous,* abstruse, or technical *expressions,* and to assist in interpreting the expressed intent of the parties in the light of circumstances existing at the time the agreement was made.'' (Emphasis added.)

We turn now to the question: Is there extrinsic evidence before the court to show that the office of Morthrift Plan referred to in the written contract is an office other than at El Dorado County? As stated above, besides bearing the date line ''Sacramento, California March 15, 1960'' the affidavit of Jack B. Hunt, Manager of the Sacramento office states: ''that the office of Morthrift Plan is and at all times mentioned in the complaint, situated at 1229 K Street, Sacramento, California.'' There is no counteraffidavit to the contrary. This seems to us clear extrinsic evidence of the crucial fact.

The order of the Municipal Court, denying motion for change of venue is affirmed.

Pierce, J., concurred.

RECKERS, J.—I dissent:

After a careful review of the Appellate Department opinions referred to by the majority, I believe that the rule subscribed to by the Fresno Appellate Department should be the rule of decision in this court. I would hold that the contract itself should show the geographic location of the place where performance is to be made and if it does not do so it is not ''a special contract in writing'' showing that the contract is to be performed at some other place than where it was in fact made. I would not require that the county of performance be specified by name but I would require that there be a sufficient specific designation of the geographic location of the place of performance to justify the court in judicially noticing that it is within a particular county or other venue area. I would not permit extrinsic evidence to show the location if it could not be determined from the contract itself with the aid of judicial notice.

The majority seems to take the view that all that is required is for the contract to show that it is not performable in the county where made. I believe that the party seeking to try the cause elsewhere must show exactly where it is to be per-

formed and not merely that it is not to be performed in the county where made.

The language, if not the holdings of the courts, in *Armstrong* v. *Smith*, 49 Cal.App.2d 528 [122 P.2d 115] and *Caffrey* v. *Tilton*, 38 Cal.2d 371 [240 P.2d 273], respectively, which is relied upon by the Fresno Appellate Department in the *Fidelity Thrift* case, 186 Cal.App.2d Supp. 895 [9 Cal. Rptr. 596], seems to me to so indicate.

In the *Caffrey* case (*supra*) the court, in speaking of the portion of section 395 of the Code of Civil Procedure with which we are concerned, has this to say: "The portion of section 395 of the Code of Civil Procedure referred to is concerned with . . . a definitely expressed place of performance of an obligation and not with . . . the obligation itself."

Even if the majority's view is correct and extrinsic evidence should be admitted to pinpoint the location of the place of performance, the evidence before the court in this case would not justify holding the case in Sacramento County. The affidavit of Mr. Hunt in verification of the plaintiff's complaint states that he is the manager of the "Sacramento office of plaintiff corporation." Later on when he is making an affidavit to retain venue he states that "the office of Morthrift Plan is and was situated at 1229 K Street, Sacramento, California." It will be noticed that he studiously avoids stating that the *only* office of plaintiff is in Sacramento. The Fresno Court had such an affidavit before it when it ruled against extrinsic evidence. I submit that the affidavits of Mr. Hunt in this case do not show that plaintiff has only one office which is in Sacramento. They, in fact, suggest that plaintiff has more than one office. One of them might even be in El Dorado County. Plaintiff failed to sustain its burden of proof as a matter of law.

The majority also considers the date line, "Sacramento, California, March 15, 1960" in connection with the contract statement that it is payable "at the office of Morthrift" as being an indication that the parties meant the Sacramento office of Morthrift. This seems to me to be inconsistent after the majority declines to consider the date line of any value as showing the place where the contract was made. I would say it shows nothing as to where the contract was made or as to where it was to be performed. I would say that if the date line "Sacramento" and the reference to payment "at the office of Morthrift" taken together mean that performance was to be in Sacramento, then the majority's discussion of

allowing extrinsic evidence to be introduced was unnecessary and it should have held that there was a special contract in writing for performance in Sacramento without considering extrinsic evidence.

Motions for change of venue are a prelude to the actual trial and they are usually decided upon affidavits. There can now be conflicting affidavits as to residence and the place where the contract was in fact made and I do not believe that an additional factual question should be introduced to add to the confusion unless the Legislature clearly so intended. It would be no hardship on the parties to require that they spell out the geographic location in the contract. If they do not, only the venue of the action is affected, not the ultimate rights of the parties under the contract.

The majority indicates that the meaning of section 395 of the Code of Civil Procedure is plain and that those who would prohibit the introduction of extrinsic evidence are judicially "legislating." When six conscientious appellate department judges have divided evenly on the question of how the statute should be interpreted it seems to me that its meaning is far from plain.

I would reverse the order denying the defendants' motion and direct that venue be changed to the Superior Court of El Dorado County where the defendants reside and where the contract was made.