MELVIN F. BORDEN AND A & K EARTH MOVERS, INC., APPELLANTS, v. SILVER STATE EQUIPMENT, INC., A NEVADA CORPORATION, RESPONDENT.

No. 14897

January 30, 1984　　　　　　　　　675 P.2d 995

*Diehl, Evans & Associates, Lyman L. McConnell,* Fallon, for Appellants.

*George K. Folsom* and *J. Douglas Clark,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent Silver State Equipment, Inc. (Silver State) filed a complaint in Washoe County against appellants.Melvin Borden and A & K Earth Movers, Inc. The complaint alleged that Borden had executed an installment contract and security agreement in May of 1981 for the purchase of construction equipment from Silver State; that A & K Earth Movers, Inc. had executed a continuing guaranty that guaranteed Borden's performance of the above agreement; that Silver State had repossessed the equipment after Borden defaulted on the installment payments; and that the equipment had thereafter been sold at a public auction. Silver State's complaint accordingly sought a deficiency judgment against appellants. Appellants subsequently filed a motion for a change of venue to Churchill County. The district court denied the motion, and this appeal followed. *See* NRAP 3A(b)(2).

In arguing that their motion for a change of venue should have been granted, appellants rely upon the language of NRS 13.010(1). This statute provides:

> When a person has contracted to perform an obligation at a particular place, and resides in another county, the action must be commenced, and, subject to the power of the court to change the place of trial as provided in this

*chapter, must be tried in the county in which such obligation is to be performed or in which he resides; and the county in which the obligation is incurred shall be deemed to be the county in which it is to be performed, unless there is a special contract to the contrary.*

(Emphasis added.) Appellants argue that since the installment contract and security agreement was executed in Churchill County, that county is "deemed to be the county in which the contract is to be performed for venue purposes." We disagree.

The installment contract and security agreement specifically provides that "Buyer promises to pay Seller at its office, or assignee at its office . . . ." Further, the address of the seller, Silver State, is set forth in this agreement as Sparks, Nevada. Under the circumstances of this case, the above contractual provision established a "special contract to the contrary" within the meaning of NRS 13.010(1), and designated Sparks, Nevada, as the place of performance. *See* Inglewood Thrift and Loan v. Colby, 10 Cal.Rptr. 814 (App.Dep't Super.Ct. 1961). Therefore, the district court correctly determined that the action below was properly brought in Washoe County pursuant to NRS 13.010(1).

Appellants also contend that the phrase "special contract to the contrary" in NRS 13.010(1) contemplates a distinct paragraph in the parties' agreement dealing specifically with venue of an action in the event of a dispute. The language of NRS 13.010(1), however, fails to support this interpretation. The phrase "special contract to the contrary" in NRS 13.010(1) clearly refers to a contract regarding the place of performance, and not one regarding venue. The remaining contentions raised by appellants have been considered and are without merit.[1]

The district court properly denied appellants' motion for a change of venue. We therefore affirm the order of the district court.

---

[1] In particular, appellants contend that venue in Washoe County is improper as to appellant A & K Earth Movers, Inc., since the action against that appellant is based on the continuing guaranty agreement, and the guaranty agreement does not indicate a place of execution, performance, or venue. This contention, however, was not raised below and will therefore not be considered by this court on appeal. *See* Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).